UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SHAQUITA C. BROWN,

        Plaintiff,

   v.

AURORA LOAN SERVICES; DIABLO FUNDING GROUP; LAMORINDA FUNDING GROUP; JOSEPH DUNNEGAN MATHEWS; ZACKRY ALVIS COOPER; DOES 1-20 inclusive,

        Defendants.

_____/

No. 2:10-cv-01859 FCD/JFM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Aurora Loan Services, LLC's motion to dismiss plaintiff Shaquita C. Brown's ("plaintiff") complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

Jurisdiction is a threshold inquiry before the adjudication of any case before the court. See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, this court cannot

adjudicate the merits of this case or order any relief.  See id. ("If the district court had no jurisdiction over the subject matter, the action should have been dismissed, regardless of the parties' preference for an adjudication in federal court.").

Plaintiff's complaint, filed in the Superior Court for the State of California in and for the County of Sacramento, alleges claims only under state law.  However, on July 16, 2010, defendant filed a Notice of Removal on the basis of federal question jurisdiction, asserting that plaintiff's state law claims "necessarily raise the disputed and substantial federal issue of whether the disclosures concerning plaintiff's October 2006 loans met the requirements of the Truth in Lending Act, 15 U.S.C. section 1601 *et seq.* ("TILA")."  (Notice of Removal, filed July 16, 2010, ¶ 3.)

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Sacramento Metropolitan Air Quality Management Dist. v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000).  Federal jurisdiction may also lie if "it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims."  Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir. 1996) (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 13 (1983).  However, "[w]hen a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law

2

theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Id. (holding that the plaintiff's wrongful discharge claim did not give rise to federal question jurisdiction because it could be supported by violations of the state law constitution, not only violations of a federal statute); Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (holding that California unfair competition law claims did not give rise to federal question jurisdiction because such claims are based on unfair or fraudulent conduct generally, and not necessarily violations of federal rules and regulations); Mulcahey v. Columbia Organic Chemicals, 29 F.3d 148. 153 (4th Cir. 1994) (holding that negligence action alleging violations of local, state, and federal environmental laws did not confer federal question jurisdiction).

In this case, plaintiff's claims do not rely on violations of federal law. Specifically, in their first cause of action for fraud, plaintiff alleges, *inter alia*, that defendant Aurora Loan Services, LLC knowingly failed to follow California Commercial Code § 3301 et seq. when it transferred plaintiff's mortgage not to defendant Diablo Funding Group. (Compl., attached to Notice of Removal, ¶¶ 91-100.) Similarly in her seventh cause of action for violation of California Business & Professions Code § 17200 et seq., plaintiff alleges that defendant Aurora violated state law by making false statement to credit reporting agencies and by using unfair and unreasonable means to collect a debt, and in her eighth cause of action, plaintiff alleges that defendant Aurora violated California Civil Code § 2923.5, et seq. through its

conduct relating to the transfer of the note.  (Id. ¶¶ 222-26; 249-54.)  Further, plaintiff's claims against the other unserved defendants arise out of allegations that defendants withheld material facts from plaintiff, made affirmative misrepresentations about the loan, lied about plaintiff's income on her loan application, and was prevented from reviewing the documents.  Nowhere in plaintiff's complaint is TILA referenced.  As such, based upon a review of plaintiff's allegations, resolution of issues implicating federal law is not essential, and thus, determination of federal law is not a necessary element of one of the well-pleaded state claims.  See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 810 (1988) ("[A] claim supported by alternative theories in the complaint may not form the basis for [federal] jurisdiction unless [federal] law is essential to each of those theories.").

Because the court does not have federal question jurisdiction over plaintiffs' claims,[1] the court REMANDS this action back to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

DATED: August 25, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1]  Defendant raises no basis for removal arising out of diversity jurisdiction in its Notice of Removal.